IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANDRE DAVIS,                §
                                    § No. 258, 2022

       Defendant Below,          §
       Appellant,               §
                                    § Court Below–Superior Court
       v.                       § of the State of Delaware
                                    §

STATE OF DELAWARE,       §
                                    § Cr. ID Nos. 2004000621A (N)
       Appellee.            §                  2004000621B (N)
                                    §

Submitted:  January 17, 2023
Decided:    March 23, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    In July 2020, the appellant, Andre Davis, was indicted for attempted first-degree murder, possession of a firearm during the commission of a felony (PFDCF), first-degree robbery, possession of a firearm by a person prohibited (PFBPP), and possession of ammunition by a person prohibited (PABPP). At Davis's request, the Superior Court severed the person-prohibited charges from the others, and the case proceeded to a bifurcated trial before a Superior Court jury in December 2021. Following the first phase of the trial, the jury found Davis guilty

of first-degree assault (as a lesser-included offense of attempted first-degree murder), PFDCF, and first-degree robbery. Following the second phase of the trial, the jury found Davis guilty of PFBPP and PABPP. On July 1, 2022, the Superior Court sentenced Davis to an aggregate of seventy-six years of incarceration, suspended after fourteen years for decreasing levels of supervision. This is Davis's direct appeal.

(2) The evidence presented at trial fairly established that around 8:30 pm on April 4, 2020, police officers were dispatched to 2 West 27th Street in Wilmington, Delaware, in response to a 911 phone call placed by Robert Tackett, who reported that he had been shot. At the scene, Officer Colin Osler spoke with Tackett, who was bleeding profusely from his upper body. Tackett told Officer Osler that the man who had shot him was wearing a leg brace and was now in the adjacent house—4 West 27th Street. Tackett was transported to the hospital, where he was treated for gunshot wounds to his hands and right shoulder as well as a gash in the back of his head. At the hospital, Tackett further advised Officer Osler that he had been recording music in his home at 2 West 27th Street with a man—known to him only as "Ray" or "Raymond"—when the man shot Tackett and took Tackett's cell phone as he fled Tackett's residence. Meanwhile, Officer Elliot Pratts apprehended Davis, who was wearing a leg brace, as he exited 4 West 27th Street and recovered a cell phone, later determined to be Tackett's, from Davis's pants pocket. During a

2

search of 4 West 27th Street, Corporal James Houck found a five-shot revolver containing five spent cartridges just inside the entryway of the house. Finally, Tackett positively identified Davis as his assailant from a photo lineup of six individuals shown to him by Detective Matthew Geiser.

(3) Davis's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Davis's attorney informed Davis of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Davis of his right to supplement his attorney's presentation. Davis has raised two issues for the Court's consideration, which counsel included in his Rule 26(c) brief. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on appeal. [1] Second, the Court must conduct its own review of the record and determine

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(5)     In the points that Davis has submitted for the Court's consideration, Davis summarily cites his constitutional right to an impartial jury and judge as well as the State's obligation to provide exculpatory evidence to the defense under *Brady v. Maryland*[3] without further explanation or comment.  Because Davis does not state the merits of his arguments, as required by Supreme Court Rule 14, he has waived these claims.[4]  In any event, the record does not reflect any bias on the part of the jury or the Superior Court judge who presided over his trial and sentencing.  Nor does the record reflect that the State failed to turn over exculpatory evidence as it is required to do under *Brady*.[5]

(6)     The Court has reviewed the record carefully and has concluded that Davis's appeal is wholly without merit and devoid of any arguably appealable issue. We are also satisfied that Davis's counsel has made a conscientious effort to examine

---

[2] *Penson*, 488 U.S. at 81-82.

[3] 373 U.S. 83, 87 (1963)  (holding that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution).

[4] Del. Supr. Ct. R. 14(b)(vi); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[5] We note that the defense successfully moved for the exclusion of evidence that the State disclosed on the eve of trial.

the record and the law and has properly determined that Davis could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice